## INDIANA STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION ET AL. *v.* PICKARD.

[No. 14,306. Filed October 7, 1931.]

*James M. Ogden,* Attorney-General, *Herbert Wilson, Prosecuting Attorney,* and *Claycombe & Stump,* for appellants.

*William H. Faust* and *Irene Faust,* for appellee.

NEAL, C. J.—On January 13, 1930, Herman O. Pickard (appellee herein), filed his written application with the Indiana State Board of Medical Registration and Examination (appellant herein), for a certificate for a license to practice what he designates as "electro-therapeutics" under the act of 1927 (Acts 1927, ch. 248, p. 725, §2, §12243.1 Burns Supp. 1929). Appellant board, on June 18, 1930, refused to grant a certificate to appellee for a license to practice the healing art of electro-therapeutics and gave as the written reason that "Herman O. Pickard was not a graduate of any school or college of electro-therapeutics on January 1, 1927, as provided by law." From this refusal, appellee appealed to the superior court of Marion County, which court, on September 5, 1930, rendered judgment ordering the clerk of the Marion Circuit Court to issue to appellee a license to practice the healing art of electro-therapeutics.

The record in this case discloses that appellant board

was, on June 26, 1930, notified that Herman O. Pickard had taken an appeal from the appellant board's refusal to grant appellee such certificate to the Marion Superior Court; that, in pursuance to such notice, and in compliance with §12239 Burns 1926 (Acts 1897, ch. 255, as amended in 1901, Acts 1901, ch. 211, p. 675, §1), appellant board, on July 3, 1930, caused to be filed in the clerk's office of the Marion Superior Court its transcript of the proceedings had before such board in pursuance to appellee's application.

It further appears that, on September 5, 1930, the following proceedings were had: "Come now the plaintiff in person and by his attorney and it appearing to the court that the defendants have been duly notified of the filing of this appeal and when and where the same would be heard, and come not, they are now each, upon motion, three times loudly called in open court, but come not.

"And this cause is now submitted to the court for trial, finding and decree, without the intervention of the jury, and the court being duly advised in the premises, after hearing the evidence, finds for the plaintiff that a license to practice electro-therapeutics shall be issued to the plaintiff, Herman O. Pickard, by the clerk of Marion County, Indiana.

"It is, therefore, ordered, adjudged and decreed by the court that George O. Hutsell, Clerk of the Marion Circuit Court, of Marion County, Indiana, shall, and he is hereby ordered and directed to issue to the plaintiff, Herman O. Pickard, a license to practice electro-therapeutics according to the method and system taught by the National College of Electro-Therapeutics, under the provisions of the Acts of 1927, Chapter 248; all of which is ordered, adjudged and decreed by the court."

The record discloses further that appellant board, on October 3, 1930, filed its verified motion to vacate this judgment. Appellee Pickard filed a special appearance

and motion to strike out and reject appellant's motion to vacate and set aside the judgment. Appellee's motion was, on October 4, 1930, sustained. Appellants thereafter filed their motion for a new trial, which motion was overruled, hence this appeal.

The errors assigned, and upon which appellants rely, relate to: (1) The court's sustaining appellee's motion to strike out and reject appellants' motion to vacate and set aside the judgment; (2) the court's failure to sustain appellants' motion to vacate and set aside the judgment; and (3) the court's overruling appellants' motion for a new trial. Appellants, by their motion for a new trial, ask that they be granted a new trial for the following reasons: (1) That the decision is not sustained by sufficient evidence; (2) the decision is contrary to law; (3) on account of the irregularity in the proceedings of the court which prevented appellants from having a fair trial; (4) on account of surprise which ordinary prudence could not have guarded against; and (5) on account of error of law occurring at the trial to which exceptions were granted under the rules of the court at the time.

The evidence shows that appellee, Herman O. Pickard, is a resident of Indianapolis, Indiana, and is 25 years of age; that he was a resident of Indianapolis on and prior to January 1, 1927; that he is a graduate of the common schools and high schools of Green County, Indiana; that he was, on January 1, 1927, and for two years prior to such date, engaged in the practice of electro-therapy; that appellee matriculated in the National College of Electro-Therapeutics College located at Lima, Ohio, on November 11, 1929; that he received a diploma and the degree of Master of Electro-Therapeutics on November 22, 1929, from such school; that no drugs or surgery are used in the practice of electro-therapy; that obstetrics is not practiced in the practice of electro-

therapy; that appellee has never been convicted of a felony and is not addicted to the drug habit.

Appellee argues that, since appellants were not represented at the trial of this cause, the judgment rendered by the superior court of Marion County is a default judgment and that a motion for a new trial is unavailing to set aside a final judgment rendered by default, but that the proper practice is by motion to set aside such default judgment. Appellee further argues that appellants' verified motion to set aside such judgment in the instant case does not state facts sufficient to require the court to grant the motion and set aside such judgment.

Appellants, however, contend that the judgment rendered by the Marion Superior Court, in the instant case, while a default judgment upon its face, is not, in fact, a default judgment, and that a motion for a new trial is proper.

Section 5 of the Medical Registration Act (Acts 1897, ch. 255, as amended in 1901, Acts 1901, ch. 211, p. 675, §1), being §12239 Burns 1926, among other things, provides that: "An appeal may be taken from the action of the board to the circuit or superior court of the county . . . where the applicant lives, in case of refusal of a certificate, upon the licensee or applicant filing with the clerk of such court, within thirty days from the entering of such order of revocation of refusal by said board, a good and sufficient bond in the sum of two hundred dollars, to be approved by said clerk, to secure the payment of costs of such appeal should the appeal be determined against him. It shall thereupon be the duty of such clerk to notify the said board of the filing of such bond, and said board shall thereupon forward to said clerk the . . . application for a certificate and a copy of the order of refusal, where there has been a refusal to grant a certificate." The above provisions were fully complied with, and the appeal, in the form of a com-

plaint and the appeal bond, were filed by appellee on June 26, 1930. The above statute further provides that "where the appeal is from a refusal to grant a certificate, the same shall be heard upon the application and certified copy of the order of refusal without any other issues," etc.

Appellant board, in compliance with the above-quoted statute, caused to be filed in the superior court of Marion County, a copy of the application of appellee and the board's order of refusal to grant such application. The above statute provides that in such cases no other pleadings shall be filed, but that, in such appeals, "the same shall be heard upon the application and certified copy of the order of refusal *without any other issues.*" (Our italics.) The issues, therefore, were closed when the copy of appellee's application and the board's order of refusal were filed. The issues of law and fact were thereby joined.

Appellants' failure to appear at the hearing when the instant case was set for trial, after the issues had been joined in accordance with the provisions of the above-quoted statute, would not authorize the court to enter judgment by default against appellant. "Where the issues have been joined, judgment entered in the absence of defendant is not by default." *Acheson* v. *Inglis Bros.* (1912), 155 Iowa 239, 135 N. W. 632. It is error for the court to enter judgment by default if there is an issue of law or fact pending between the plaintiff and the defendant. "Judgment by default cannot be taken after issue joined." *Leahy* v. *Wayne Circuit Court Judge* (1906), 144 Mich. 304, 107 N. W. 1060, 115 Am. St. 443. As was said in *Maddox* v. *Pulliam* (1839), 5 Blackf. (Ind.) 205: "The defendant's default in not appearing at the calling of the cause after the issues joined did not authorize the judgment

rendered against him. The plaintiff should have had the issues tried . . . in the same manner as if the defendant had appeared." In the case of *Firestone* v. *Firestone* (1881), 78 Ind. 534, appellant answered the complaint of appellees, but, on the day of trial, appellant failed to appear, and judgment was entered against him by default. The court there said: "It is the general rule, that where a defendant's answers to the complaint are standing, judgment cannot be entered against him by default. In such a case, the proper course is to call the defendant and submit the cause to the court for trial." See, also, *Kellenberger* v. *Perrin* (1874), 46 Ind. 282; *Roy* v. *Scales* (1922), 77 Ind. App. 619, 133 N. E. 924.

A default has been defined as a confession of the complaint, and judgment is rendered without a trial of any issue of law or fact. *Fisk* v. *Baker* (1874), 47 Ind. 534. A default is the failure of a party to take a step required by law in the progress of legal action. 6 Ency. of Pleading & Practice 60.

In the instant case, there was an issue of fact pending between the parties, and judgment could be rendered only after a trial of the issues. *Love* v. *Hall* (1881), 76 Ind. 326. A default judgment in such a case is error. We, therefore, hold that the judgment in the instant case was in no manner a default judgment. A motion for a new trial in such a case is proper.

Section 2 of the 1927 act, Acts 1927, ch. 248, p. 725, provides, among other things: "That any chiropractor or practitioner of any other system or method of healing,. who is a graduate of a ·school or college teaching the system or method of healing which he practices, and who was on January 1, 1927, residing in the State of Indiana and practicing chiropractic or any other system or method of healing taught by the school or college

of which he is a graduate, shall be given without examination a certificate for a license to practice the system or method of healing in which he has been so engaged."

If, as contended for by appellants, this section means that, before an applicant is entitled to such certificate for a license, such applicant must have been a graduate at the time of the taking effect of the above section, then the court erred in not sustaining the motion for a new trial. On the other hand, however, if appellee is correct in his contention that the statute in question merely means that it is necessary for such applicant to have graduated prior to his making application to appellant board, then the court committed no error in the overruling of the motion for a new trial.

In construing a statute, courts will give effect to the intent of the Legislature, and, in seeking such intent, will look to the act as a whole, as well as its general purpose and the evils or mischiefs it is enacted to remedy. The words or phrases of a statute will be taken in their plain, ordinary and usual sense unless a contrary purpose is clearly manifest. *Smith, Trustee,* v. *State, ex rel.* (1930), 202 Ind. 185, 172 N. E. 911. Webster's New International Dictionary defines the word "is" as being the third person singular present indicative of the verb *be*. The word "is" in its plain, ordinary and usual sense denotes present tense, and there is nothing in the above-quoted statute to denote a contrary purpose in the use of this word. The phrase "is a graduate" has reference, of course, to the time when the act took effect, for, from that time only, a statute ordinarily speaks. *Hoagland* v. *State* (1861), 17 Ind. 489. The act in question became effective May 16, 1927. We hold that, as a prerequisite to an applicant being granted a certificate for a license under §2 of this act (Acts 1927, ch. 248, p. 725), it is necessary that such applicant present to the board satisfactory

evidence that he was, on or before May 16, 1927, a graduate of a school or college teaching the system or method of healing which he was practicing on January 1, 1927.

In the instant case, appellee was not a graduate of any school or college teaching electro-therapy, and did not graduate from any such school until November 22, 1929. Under such circumstances, appellee is not entitled to a license to practice electro-therapy.

The conclusion we have reached renders it unnecessary to discuss any other errors assigned.

Judgment reversed, with instructions to sustain the motion for a new trial.