KUHN ET AL. *v.* INDIANA ICE & FUEL COMPANY.

[No. 15,718. Filed December 15, 1937.]

*Paul A. Pfister, Otis E. Gulley,* and *George W. Hadley,* for appellants.

*Bingham, Mendenhall & Bingham, Edgar M. Blessing,* and *Charles W. Cook,* for appellee.

KIME, J.—The appellant filed a complaint to set aside a default judgment, which complaint was answered in general denial. Trial was had by the court who found for the appellee and rendered judgment accordingly. Following the overruling of a motion for new trial this appeal was perfected, the error assigned being the overruling of said motion, the grounds of which were that the decision was not sustained by sufficient evidence; that it was contrary to law, and error in certain rulings relative to evidence.

The evidence discloses that the appellant here, Della Kuhn, was the defendant in an action which had been filed in Marion County, Indiana; that prior to the return date while the action was pending in the Marion Superior Court two attorneys entered their appearance for her; that this appearance was never withdrawn nor their authority to appear for her questioned. An affidavit for change of venue was filed January 25, 1934, in open court by these attorneys; the change had been perfected; and the cause was docketed in the Hendricks Circuit Court on February 20, 1934. Sometime between this latter date and March 22, the trial day was set for April 2, 1934, and notice thereof, by letter, was sent by the Judge of the Hendricks Circuit Court to the attorneys for appellant. Medlock, one of the attorneys testified that he had received no such letter and Wysong, the other attorney was not present to testify.

Default was had and judgment was rendered for the appellee on the date set for the trial after appellee had waited from the opening of court until 11:00 o'clock A. M.

The appellant alleged that she had no notice of the fact that said action had been set for trial and that her attorneys had no notice of said fact and that by reason of said lack of notice she should have a new trial as she had a meritorious defense. The statute provides: ". . . The court shall relieve a party from a judgment taken against him through his mistake, inadvertance, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment." Acts 1881 (Spec. Sess.) ch. 38, §135, p. 240; Acts 1921, ch. 115, §1, p. 277, §2-1068 Burns 1933, §173 Baldwin's 1934.

The only reason advanced by the appellant is the lack of notice. She was represented in the action by two

persons who had entered their appearance as her attorneys. They are presumed to exercise some diligence relative to matters in court and are presumed to be present from the inception of an action until its conclusion. There is no duty upon the court to specifically inform the attorneys that a trial date has been set. The records of the court do this. There is no evidence here that the records did not disclose this fact. It is the duty of an attorney to exercise ordinary diligence to keep informed as to the status of matters in court intrusted to his care. There was evidence from which the trial court could have concluded that the attorneys representing the appellant were negligent in not keeping informed as to the status of the case in that court and that such negligence was inexcusable. The evidence amply sustains this conclusion. The negligence of those representing parties as attorneys is the negligence of client. There is no showing that the attorneys were deceived or misled.

The questions relative to the admission and rejection of certain evidence are not discussed and are, therefore, waived.

The judgment of the Hendricks Circuit Court is affirmed.