ED MARTIN FORD CO., INC. v. PHILIP CRAIG MARTIN.

[No. 2-975A233. Filed June 28, 1977.]

*Gene R. Leeuw, Klineman, Rose and Wolf,* of Indianapolis, for appellant.

*Robert E. Stewart, Guido & Stewart,* of Danville, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-appellant Ed Martin Ford Co., Inc. brings this appeal from the trial court's overruling of Ed Martin Ford's motion to correct errors which was filed in response to a judgment which was rendered against Ed Martin Ford and in favor of plaintiff-appellee Philip Craig Martin in the amount of $1,850.00.

We reverse.

## FACTS

On August 30, 1973, Philip Martin filed a complaint against Ed Martin Ford seeking damages for the loss by fire of Philip's automobile as the result of the negligent repair of the gasoline tank of that automobile by Ed Martin Ford. William Powers, the counsel for Ed Martin Ford and an associate in the practice of law with Philip's father, filed an answer in addition to certain pre-trial motions and interrogatories.

On April 1, 1974, Powers was appointed to a four year term as a member of the Public Service Commission of Indiana. Shortly thereafter he changed his business address to his home address by filing a change of address form with the U.S. Post Office. Powers, however, continued to represent Ed Martin Ford in this action. Powers alleges that certain papers and notices had been sent to his former business address and that Philip's father did not forward this mail to him.

The trial was set for August 30, 1974, and neither a representative of nor counsel for Ed Martin was in attendance on that date. At trial, the court declared that Ed Martin Ford was in default and permitted Philip to present evidence. At the close of the presentation of evidence the

court entered a judgment on the merits[1] against Ed Martin Ford and in favor of Philip in the amount of $2,500.00.

Ed Martin Ford first learned of the adverse judgment in early November when the sheriff sought to levy on part of its personal property. On November 13, 1974, Ed Martin Ford filed a motion for relief from judgment, alleging that it had no notice of the trial date due to mistake, surprise, or excusable neglect. On January 20, 1975, the court overruled the motion for relief from judgment as to the question of liability, but granted the motion as it related to damages.

A hearing to determine the amount of damages was held on March 13, 1975. As a result of that hearing the court reduced its judgment from $2,500.00 to $1,850.00. Ed Martin Ford filed its motion to correct errors on April 1, 1975, and it was overruled on June 9, 1975.

### ISSUES

There are four issues which have been presented by Ed Martin Ford to this court for review. In view of the fact that the trial court committed reversible error on one point, this court is not required to discuss any of the other alleged errors in this appeal. See *McGinnis* v. *Public Service Company of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708.

---

1. The parties refer to the trial court's judgment as a default judgment; this is incorrect. A default judgment can be properly rendered without additional notice where a complaint has been filed and summons has been issued, and where the defendant does not appear in the action, either in person or by counsel. Where the plaintiff has filed a complaint and the defendant has appeared in the action, either in person or by counsel, but he has not defended himself, either by answering or filing a motion, a default judgment can be properly rendered if the defendant has been given notice of the application for default judgment three days prior to the hearing on such application. See Ind. Rules of Procedure, Trial Rule 55. However, where the defendant has filed an answer or a motion, or otherwise defended himself, then a default judgment cannot properly be rendered. If after the issues have been formed the defendant or his counsel does not appear at trial, the court can hear the plaintiff's evidence at that time and render a judgment thereon. Such judgment would be a judgment on the merits and not a default judgment. See *Aetna Securities Company* v. *Sickels* (1949), 120 Ind. App. 300, 88 N.E.2d 789 and *Robbins* v. *Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153.

Also, Philip Martin has challenged the jurisdiction of this court. Therefore, the issues which we have decided are as follows:

1. Does this court have jurisdiction to entertain this appeal?
2. Did the trial court abuse its discretion in denying Ed Martin Ford's motion for relief from judgment as to the question of liability?

ISSUE ONE

Philip Martin contends that this court has no jurisdiction to hear this appeal for the reason that Ed Martin Ford did not file a motion to correct errors within 60 days of the judgment which was rendered on August 30, 1974. Therefore, Philip contends that Ed Martin Ford has preserved no error for appeal. See Ind. Rules of Procedure, Trial Rule 59.

It is correct that Ed Martin Ford filed no motion to correct errors within 60 days of the judgment. It must be remembered that Ed Martin Ford had no notice of the August 30, 1974 judgment until early November 1974, more than 60 days after the judgment. It would have been impossible for it to have filed a timely motion to correct errors.

Instead, pursuant to Indiana Rules of Procedure, Trial Rule 60(B), a motion for relief from judgment was filed. When such motion was denied in part and granted in part the original "final" judgment was amended. Although the trial court determined that the issue of liability was settled, it left open the issue of damages. Therefore, the judgment did not become final until after the March 13, 1975 hearing on damages was held, and a judgment was rendered thereon.[2] Ed Martin

2. When a judgment which would otherwise be final has been modified or amended, the new entry becomes the final judgment from which appeal may be taken and to which a new motion to correct errors must be addressed. See *Wyss* v. *Wyss* (1974), 160 Ind.App. 281, 311 N.E.2d 621; *State* v. *Kushner* (1974), 160 Ind.App. 464, 312 N.E.2d 523, and *Yerkes* v. *Washington Mfr. Co.* (1975), 163 Ind.App. 692, 326 N.E.2d 629.

Ford's motion to correct errors, which was filed on April 1, 1975, was well within the 60 day limit. We hold, therefore, that Ed Martin Ford's allegations of error are properly before this court and that this court has jurisdiction to entertain this appeal.

## ISSUE TWO

It is an attorney's duty to apprise himself of the status of matters before the court which have been entrusted to his care. A judge has no specific duty to inform individual attorneys of when their respective cases are set for trial; the court records do this.[3] In the case at bar it was the duty of Ed Martin Ford's counsel to check the court records to determine when his case was set for trial; it was not the trial court's duty to notify him. However, a careful examination of the record which has been presented to us on appeal reveals that the trial court had not placed the action now in controversy on its docket and had not set such action for trial prior to the actual date of the trial on August 30, 1974. A careful and diligent lawyer could not reasonably have been expected to discover that his case would have been tried the same day which the court had placed it on the court's docket.

Since the trial court speaks only through its record, and since the record shows that the cause had not been set for trial prior to the day on which the trial was actually held, we must hold, as a matter of law, that neither Ed Martin Ford, nor its counsel, was given appropriate opportunity to discover the trial date and that the court abused its discretion in not granting Ed Martin Ford's motion for relief from judgment.

Judgment reversed and cause remanded to the trial court with instructions that a new trial be granted.

3. See *Kuhn et al.* v. *Indiana Ice and Fuel Co.* (1937), 104 Ind.App. 387, 11 N.E.2d 508.

Robertson, C.J. and Buchanan, P.J., by designation, concur.

NOTE.—Reported at 363 N.E.2d 1292.