In re the ADOPTION OF Casey Allen McNIECE.

Michael R. McNIECE, Appellant,

v.

James Ray BRIDGEWATER, Appellee.

No. 1–481A147.

Court of Appeals of Indiana, First District.

March 17, 1982.

William E. Stone, Columbus, Jones & Loveall, Franklin, for appellant.

Thomas J. Lantz, Steven K. Robison, Seymour, for appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Appellant Michael R. McNiece brings this appeal from the judgment of the Jackson Circuit Court in favor of Appellee James Ray Bridgewater on his petition for adoption and for termination of parental rights. We affirm.

## FACTS

Casey Allen McNiece, a minor, is the natural son of Michael R. McNiece and Patti Jo (McNiece) Bridgewater. James Ray Bridgewater, at all times pertinent to this cause, has been married to Patti Jo Bridgewater. On January 3, 1980, James Ray Bridgewater filed a petition for adoption of Casey and for termination of Michael McNiece's parental rights. Attorney John M. Lewis entered an appearance for Michael McNiece on January 25, 1980. The petition alleged that McNiece had failed to communicate significantly with Casey without justifiable cause for a period greater than one year. At the hearing on the petition, McNiece testified that he saw Casey a number of times while the boy was at the home of his babysitter. The trial court denied Bridgewater's petition on April 3, 1980.

Bridgewater filed his motion to correct errors on May 27, 1980. Attached to the motion was the affidavit of Casey's babysitter, Louisa Franklin. Mrs. Franklin stated that although McNiece had visited her home a number of times, he always asked to see her son, Frank "Bo" Franklin, and never specifically asked to see Casey. The visits with Casey never exceeded fifteen minutes and occurred only if Casey was in the front room of the Franklin home when McNiece arrived. The trial court granted Bridgewater's motion to correct errors on June 26, 1980, and set the cause for a new trial to be held August 4, 1980.

Neither McNiece nor his attorney, John Lewis, appeared in court on August 4. After observing that McNiece had not appeared and that Lewis was found to be out of town, the trial judge stated that "the Court will go ahead and perpetuate testimony, . . . ." Record at 128. Bridgewater, Patti Jo Bridgewater, and Louisa Franklin testified, an exhibit was introduced into evidence, and counsel for Bridgewater made a brief closing argument. The trial judge then said, "Very well, I'll take that under advisement. I have no idea why the other side is not here, so we'll inquire into that and try to give you an early decision." Record at 135.

On August 28, 1980, Lewis filed a motion requesting another hearing to give McNiece an opportunity to present evidence. The petition stated that Lewis had attempted on at least two occasions to reach McNiece to inform him of the August 4 hearing date, but McNiece did not contact Lewis as Lewis had requested. The petition explained that Lewis's failure to advise McNiece of the hearing date was inadvertent and was due to Lewis's emotional problems and the departure of his secretary. Lewis further stated that "upon failure of the undersigned to appear on the 4th, as aforesaid, the Court properly listened to and perpetuated the evidence of the petitioner in support of his petition." Record at 46. The trial court set the "matter for further hearing as requested . . .," Record at 47, and, because of a conflict in Lewis's schedule, the hearing was reset for September 22, 1980.

On September 22, McNiece informed the trial court that he wanted to replace Lewis as his attorney. The trial court gave McNiece two weeks to have another attorney enter an appearance. On September 25, at Lewis's request, the trial court ordered his appearance withdrawn.

No appearance was entered within the two-week period. On October 14, 1980,

Bridgewater filed a motion to enter judgment on the petition for adoption and for termination of parental rights, alleging the expiration of the two-week period and the failure of new counsel to enter an appearance. On October 21, Thomas R. Haley filed a petition on McNiece's behalf alleging that he and at least one other attorney had been consulted concerning representation of McNiece and that he could not adequately represent McNiece and requesting additional time to secure counsel. Bridgewater objected to the petition for an extension of time.

On October 23, 1980, the trial court denied McNiece's petition for extension of time and granted Bridgewater's motion to enter judgment. On October 27, the trial court entered judgment terminating McNiece's parental rights and ordering the adoption of Casey Allen McNiece by Bridgewater. McNiece filed a motion to correct errors with an attached affidavit in which he alleged that he did not receive notice of the August 4 hearing and that on September 22 or 23, his father contacted Haley on McNiece's behalf and that McNiece believed Haley would protect his interests in the case. The motion to correct errors was denied on February 4, 1981.

## ISSUES

■ Appellant Michael McNiece states the issue as "whether the trial court erred in overruling the Appellant's Motion to Correct Errors." We note that such a statement of the issue could apply to any appeal taken from the overruling of a motion to correct errors, and it tells us nothing about the questions raised in this particular appeal. Consequently, we must refer to McNiece's motion to correct errors and his brief to ascertain the alleged errors which he preserved for appeal. The motion to correct errors assigns three errors committed by the trial court. However, only one of those alleged errors is argued in McNiece's brief. Only those assignments of error specifically treated in the argument section of an appellant's brief will be considered on appeal; all others are waived.

*Janisch v. LaPorte County,* (1974) 161 Ind. App. 226, 315 N.E.2d 387; Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Accordingly, the sole issue preserved for our review is whether the trial court erred in entering judgment on October 27, 1980, inasmuch as no notice of application for default judgment was given to McNiece as required by Ind.Rules of Procedure, Trial Rule 55(B).

Appellate counsel would do well to state specifically the issue or issues they intend to raise in order to save the court on appeal the trouble of sifting through the motion to correct errors and brief and to avoid the risk that an issue which was intended to be raised might be overlooked or waived.

## DISCUSSION AND DECISION

■ McNiece contends that both the trial court and Bridgewater's attorney, Thomas Lantz, treated the August 4, 1980, hearing—from which both McNiece and Lewis were absent—as something other than a trial. To support this position he refers to Bridgewater's motion to perpetuate testimony and the trial court's setting the cause for further hearing. From this he concludes that the October 27, 1980, judgment in favor of Bridgewater resulted from events occurring after August 4 and that it was a default judgment. McNiece cites numerous cases describing the circumstances under which a default judgment is proper and illustrating the requirement of three days' notice prior to the hearing on an application for default judgment under T.R. 55(B). He asserts that he was not given the requisite notice and that, consequently, the trial court erred in entering judgment in the cause.

We must disagree with McNiece's assertion that the trial court and Bridgewater's attorney treated the August 4 hearing as something other than a trial. It is true that the trial judge, after learning that neither McNiece nor Lewis was present and that Lewis could not be reached, stated that the court would "perpetuate" the testimony. Indiana Rules of Procedure, Trial Rule 27 provides a means to perpetuate testimo-

ny in advance of trial, but it is clearly applicable only where the lawsuit has not yet been filed, T.R. 27(A), or where a judgment has been rendered and either an appeal has been taken or an appeal has not yet been taken, but the time in which to take the appeal has not expired, T.R. 27(B). None of these situations exists in the case at bar. Furthermore, it does not appear that it was the intent of the trial court and attorney Lantz to take the depositions of the witnesses present, because Ind.Rules of Procedure, Trial Rule 30(B)(1) requires reasonable notice in writing to every other party when one party desires to take an oral deposition. The record does not indicate that notice of such a deposition was given to McNiece, but rather that the trial court proceeded to take the witnesses' testimony immediately upon determining, *at the time scheduled for trial*, that McNiece was not present in court and that Lewis was out of town. Lewis stated in his August 28 motion that the trial court properly perpetuated the testimony. We also note, with regard to McNiece's assertion that Bridgewater moved to perpetuate the testimony of his witnesses, that the record does not establish the existence of such a motion. McNiece made reference to an oral motion to perpetuate testimony in the memorandum in support of his motion to correct errors, and his attorney, Tom Jones, in arguing the motion to correct errors, stated that the docket sheet shows that Bridgewater made a motion to perpetuate testimony. However, McNiece has not referred us to, nor have we located, any entry in the record by the trial court stating that Bridgewater made such a motion to perpetuate testimony. At the close of the presentation of Bridgewater's testimony and that of his other witnesses, the introduction of an exhibit, and the argument of counsel, the trial judge stated that he would try to give Bridgewater and attorney Lantz an early decision. On the basis of the record as it has been presented to us, we conclude that the trial court intended on August 4, 1980—the date set for trial—to permit Bridgewater to present his case-in-chief, as opposed merely to deposing himself and his other witnesses.

Bridgewater has called to our attention cases which provide guidance in deciding the matter before us. In *Aetna Securities Co. v. Sickels*, (1949) 120 Ind.App. 300, 88 N.E.2d 789, *trans. den.*, the defendants-appellants' plea in abatement, which was denied earlier, was reconsidered and granted at the conclusion of the plaintiffs' evidence. However, the plaintiffs, appealed to the Supreme Court of Indiana, and that court ordered a new trial. Thereafter, the defendants' attorneys of record were granted leave to withdraw their appearance, but no formal withdrawal was entered of record. Later the trial court set the cause for trial. On the day of the trial, the defendants failed to appear. The cause was tried to the court and a judgment was entered for the plaintiffs. The defendants argued that a default judgment was erroneously entered against them inasmuch as they were represented by counsel because no formal withdrawal by their attorneys had been effected, they had an answer on file, and the cause was at issue. In affirming the trial court, the Appellate Court disagreed with the defendants' characterization of the judgment:

"We find authority for the proposition that mere leave to withdraw an appearance, not consummated by actual withdrawal, is ineffective for any purpose, *Bills et al. v. Stanton* (1873), 69 Ill. 51, and if the judgment of September 27, 1943, was, in truth, a default judgment it is a nullity. A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk v. Baker* (1874), 47 Ind. 534. Obviously where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were

present and, if a prima facie case is established, may render appropriate judgment. *State Board, etc. v. Pickard* (1931), 93 Ind.App. 171, 177 N.E. 870. This procedure was followed in the former case and we are constrained to hold that the judgment complained of was not taken on default."

120 Ind.App. at 307–08, 88 N.E.2d 789.

Since *Aetna Securities* was decided, T.R. 55 [1] has been promulgated to govern default judgments. The essence of the rule set out in *Aetna Securities* has been preserved by T.R. 55. Civil Code Study Commission Comments, 3 W. Harvey, Indiana Practice at 520–21 (1970). In *Ed Martin Ford Co. v. Martin*, (1977) 173 Ind.App. 428, 363 N.E.2d 1292, the plaintiff filed suit against the defendant car dealer. Counsel for the defendant filed an answer and certain pretrial motions and interrogatories. The defendant's attorney was then appointed to the Public Service Commission of Indiana but continued to represent the defendant. The attorney changed his business address to his home address, but his mail was not forwarded to him there. At the trial neither the defendant's representative nor its attorney was present. The court declared that the defendant was "in default" and permitted the plaintiff to present evidence. At the close of the plaintiff's evidence, the trial court entered what the Court of Appeals termed a "judgment on the merits" in favor of the plaintiff. In a footnote, this court explained the discrepancy between the parties' characterization of the judgment on its own:

1. Paragraphs (A) and (B) of T.R. 55 are pertinent to the case before us and provide as follows:

 "(A) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted.

 "(B) Default judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against a person known to be an infant or incompetent unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If

"1. The parties refer to the trial court's judgment as a default judgment; this is incorrect. A default judgment can be properly rendered without additional notice where a complaint has been filed and summons has been issued, and where the defendant does not appear in the action, either in person or by counsel. Where the plaintiff has filed a complaint and the defendant has appeared in the action, either in person or by counsel, but he has not defended himself, either by answering or filing a motion, a default judgment can be properly rendered if the defendant has been given notice of the application for default judgment three days prior to the hearing on such application. See Ind.Rules of Procedure, Trial Rule 55. However, where the defendant has filed an answer or a motion, or otherwise defended himself, then a default judgment cannot properly be rendered. If after the issues have been formed the defendant or his counsel does not appear at trial, the court can hear the plaintiff's evidence at that time and render a judgment thereon. Such judgment would be a judgment on the merits and not a default judgment. See *Aetna Securities Company v. Sickels* (1949), 120 Ind.App. 300, 88 N.E.2d 789 and *Robbins v. Robbins* (1976), 171 Ind.App. 509, 358 N.E.2d 153."

173 Ind.App. at 430, n.1, 363 N.E.2d 1292.

Similarly, in *Davis v. Davis*, (1980) Ind. App., 413 N.E.2d 993, the husband filed for dissolution of marriage, and he and the wife

the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required."

appeared in court with counsel and agreed to a provisional order. For a period of nearly two years, no action was taken. Then the wife filed a cross-petition for dissolution. The parties and their attorneys appeared and attempted, unsuccessfully, to settle the matter. Thereafter the husband's attorney filed a motion for withdrawal of representation. Permission was granted by the court, which ordered the attorney to send a copy of the motion and order to the husband at his last known address. The registered letter sent by the attorney was returned unclaimed. After the attorney had filed his motion for withdrawal, the court set the final hearing date and ordered that a copy of this order be sent by certified mail to the husband at his last known address. This letter was also returned unclaimed. On the date of the hearing, February 2, 1979, the wife and her attorney appeared, but the husband did not. The trial court, observing that the husband was absent, determined that the hearing should continue in his absence and declared him to be "in default." The court heard evidence, made findings, and entered judgment. On February 5, 1980, after a hearing on a motion to correct errors and a motion for relief from judgment, the trial court corrected its earlier statement to the effect that the husband was in default. On appeal, the husband maintained that it was a default judgment and that he was not given the requisite notice under T.R. 55. The Court of Appeals disposed of these contentions in the following manner:

"The very language of the February 2, 1979 Order clearly indicates the court's intent that the proceeding be a final hearing and that the judgment be one on the merits. The court stated:

'And this Cause now being at issue upon Nancy Kay Davis' Verified Cross-Petition for Dissolution of Marriage and Joseph R. Davis' Verified Petition for Dissolution of Marriage and upon all other pleadings filed in response to said Petitions, *the same is now submitted to the Court for trial, finding, judgment and decree without the intervention of a jury.*' (Emphasis supplied.)

"A default judgment has been defined as a confession of the complaint and it is rendered *without a trial* of any issue of law or fact. *State v. Claycombe* (1954), 233 Ind. 247, 118 N.E.2d 489, 490; *Indiana State Board, Etc. v. Pickard* (1931), 93 Ind.App. 171, 177 N.E. 870. It is apparent from a reading of the 1979 Order that the trial court had every intention of conducting a trial. Its reference to Davis's absence as being in 'default' and its reliance upon TR. 59(A) instead of TR. 60(A) for authority to correct the judgment may have been an unfortunate choice of words. Such did not, however, render the judgment a default judgment, as was pointed out by the court in its 1980 Order.

"When a trial court proceeds to hear a divorce action on its merits, even though one of the parties is absent, the resulting judgment is on the merits. Because it is not a default judgment, the requirements of TR. 55 are not applicable. *In Re Marriage of Robbins* (1976) [171] Ind.App. [509], 358 N.E.2d 153, 154; *Aetna Securities Company v. Sickels* (1949), 120 Ind. App. 300, 88 N.E.2d 789, 792, 90 N.E.2d 136.

"During the course of this litigation, Davis appeared at various hearings in person and by counsel and defended himself. When the issues have been formed under such conditions as outlined in *Ed Martin Ford Co., Inc. v. Martin* (1977) [173] Ind.App. [428], 363 N.E.2d 1292, 1294, a default judgment cannot be properly rendered. Rather, a judgment therein would be a judgment on the merits. We conclude that the court did not err in deleting its reference to Davis's default and that, as clarified by the 1980 Order, the judgment was one on the merits. Davis's claims as to the 'default judgment' and the trial court's failure to be guided by TR. 55 are without merit." (Original emphasis.)

413 N.E.2d at 996–97.

In the case at bar, the record does not indicate that McNiece filed any responsive pleading following the filing of Bridgewa-

ter's petition for adoption and for termination of parental rights. However, he had Lewis enter an appearance, and on March 13, 1980, the parties appeared in person and by counsel at a hearing on Bridgewater's petition and at a subsequent hearing on Bridgewater's motion to correct errors. Lewis received notice of the setting of the August 4, 1980, date for the new trial, although this notice was apparently not communicated to McNiece. In any event, neither McNiece nor Lewis appeared at the trial. The trial court permitted Bridgewater to present his evidence and promised an early decision. The trial court could have entered judgment at that point on the authority of *Aetna Securities v. Sickels, supra*.[2] However, the trial court took into consideration Lewis's August 28, 1980, motion and set the matter for further hearing. On the date of the hearing, McNiece and Lewis were present, but before the hearing on the merits of McNiece's defense could begin, he informed the court that he wanted to replace Lewis as his attorney. The trial court again postponed its decision in the case and gave McNiece two weeks to have another attorney enter an appearance. No such appearance had been entered when, over three weeks later, Bridgewater moved for judgment on his petition for adoption and for termination of parental rights. Thereafter, attorney Haley appeared on McNiece's behalf for the sole purpose of requesting additional time to secure counsel. The trial court denied the petition for extension of time and granted Bridgewater's motion for judgment.

This is clearly not a situation where a party has failed to appear, where the issues have not been formed, or where no issue of fact or law has been tried. The August 4, 1980, hearing and the October 27, 1980, judgment were part of a continuing trial of the cause and were on the merits of the cause. The trial court had the discretionary authority to determine whether McNiece's failure to have counsel enter an appearance within the two-week period was reasonable

2. *Davis v. Davis*, (1980) Ind.App., 413 N.E.2d 993, had not yet been decided at the time of the

or dilatory. The October 27 judgment was not a default judgment, and, accordingly, the notice provisions of T.R. 55(B) are inapplicable. McNiece has not persuaded us that the trial court committed reversible error in granting Bridgewater's motion for judgment on October 27, 1980.

Judgment affirmed.

NEAL, J., concurs.

YOUNG, J. (by designation), concurs.

August 4, 1980, trial of this cause.