INTERNATIONAL VACUUM, INC.,
Defendant-Appellant,

v.

Charles OWENS and Mary Owens,
Plaintiffs-Appellees.

No. 1–382A55.

Court of Appeals of Indiana,
First District.

Aug. 31, 1982.

Rehearing Denied Oct. 19, 1982.

David F. Truitt, Donaldson, Andreoli & Truitt, Lebanon, Leo T. Scarry, Intern. Vacuum, Inc., Pembroke, Mass., for defendant-appellant.

Mark C. Ladendorf, William Levy, Yosha & Cline, Indianapolis, for plaintiffs-appellees.

RATLIFF, Presiding Judge.

## STATEMENT OF CASE

International Vacuum, Inc., appeals from a default judgment entered in a products liability case brought by Charles and Mary Owens. We affirm.

## FACTS

Charles and Mary Owens brought personal injury and loss of consortium actions against International for injuries Charles suffered when a vacuum coater exploded on August 18, 1978. The suit against the manufacturer alleging that the equipment was unreasonably dangerous and defective was brought on January 29, 1980. International, through counsel, Leo T. Scarry, filed an answer on February 11, 1980. Venue was changed from Hamilton Superior Court to Boone Superior Court on March 7, 1980. On February 26, 1981, the trial court ordered the plaintiffs to show cause why the cause should not be dismissed for want of prosecution, and on March 23, 1981, plaintiff's local counsel entered an appearance and requested a pretrial conference and trial date. On March 30, 1981, notices of the pretrial conference set for August 14, 1981, and of a second choice trial date of September 14, 1981, were mailed to Leo Scarry, Attorney at Law, Oak Street, Pembroke, Massachusetts. The envelope bearing this material was returned to the court marked "Return to Sender—Addressee Unknown." International did not appear at the pretrial hearing on August 14, and the Owenses moved for a default judgment. The court set the motion for hearing on August 20, 1981, mailing the minutes of the August 14 hearing and notice of the August 20 hearing to Mr. Leo T. Scarry, Attorney at Law, Oak Street, Pembroke, Massachusetts. This envelope was returned to the court marked "Return to Sender—Undeliverable as Addressed." When the court sent notice of its granting of the motion for default judgment and September hearing on damages to the same address, the envelope was once again returned marked "Return to Sender—Undeliverable as Addressed." On Sep-

tember 8, 1981, the trial court entered judgment for Charles in the amount of $250,000 and for Mary in the amount of $50,000. International filed a motion to set aside the default judgment on September 14, 1981, which the court denied. The court also overruled International's motion to correct errors, and appeal is perfected therefrom.

## ISSUE

Did the trial court abuse its discretion in refusing to set aside the default judgment?

## DISCUSSION AND DECISION

International contends that the trial court abused its discretion in refusing to set aside the default judgment entered in this cause because it had no notice of proceedings in this cause after plaintiffs' motion for change of venue. Mr. Scarry testified that he received no communications from the court after February 19, 1980, until the court's letters of August 17 and 20, 1981, which were addressed to Mr. Leo T. Scarry, c/o International Vacuum, Inc., Oak Street, Pembroke, Massachusetts 02539. He stated that, although he had anticipated pretrial activity, it was his policy not to engage local counsel until a case was being actively prosecuted in order to save expenses. He also stated that at the time he filed his appearance in this cause he anticipated a change in his address, therefore giving the address of International as his address. International argues that a proper address for purposes of notification was available to the court but that through an excusable clerical error in no way attributable to it the court failed to give it notice of the default hearing.

Owenses argue that the trial court did not abuse its discretion in failing to set aside the default judgment because appellant failed to comply with Ind.Rules of Procedure, Trial Rules 5(B)(2) and 72(D) or to exercise due diligence in keeping track of the status of its case. They argue also that either by notifying the court of Scarry's changed address or by hiring local counsel the notice problem could have been avoided. We agree.

 We recognize that there are no hard and fast rules for determining what facts or circumstances constitute excusable neglect and, therefore, leave that determination to the discretion of the trial court. *First National Bank & Trust Co. of Crawfordsville v. Coling*, (1981) Ind.App., 419 N.E.2d 1326, 1330. Appellate review of a trial court's response to a request for relief under Ind.Rules of Procedure, Trial Rule 60 is limited to the question of whether or not the trial court abused its discretion in the action taken. *Id.* An abuse of discretion will be found only where the trial court's action is contrary to the logic and effect of the facts and circumstances before the court or the reasonable inferences which may be drawn therefrom. *Associates Financial Services Co. of Kentucky, Inc. v. Knapp*, (1981) Ind.App., 422 N.E.2d 1261, 1263. It is true that in cases presenting special hardships, a trial court, in the exercise of its equitable discretion under T.R. 60(B), may provide relief to a party who did not receive notice of entry of a ruling, an order, or a judgment. *Brendonwood Common v. Kahlenbeck*, (1981) Ind.App., 416 N.E.2d 1335, 1336. However, pertinent parts of T.R. 5(B)(2) and 72(D) provide that an attorney has the duty of informing the court of his office address.[1] Moreover,

> "[i]t is an attorney's duty to apprise himself of the status of matters before the court which have been entrusted to his care. A judge has no specific duty to inform individual attorneys of when their respective cases are set for trial; the court records do this." (Footnote omitted.)

*Ed Martin Ford Co., Inc. v. Martin*, (1977) 173 Ind.App. 428, 432, 363 N.E.2d 1292, 1295. The negligence of an attorney is the negligence of his client. *Kuhn v. Indiana Ice & Fuel Co.*, (1937) 104 Ind.App. 387, 390, 11 N.E.2d 508, 509.

Evidently, in the case at bar appellant failed to convince the trial court that it suffered any special hardship or that it had exercised due diligence in attempting to keep informed of the status of its case. Likewise, appellant has failed to convince us that the trial court abused its discretion in refusing to grant relief under the facts and circumstances of this case.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

---

1. Trial Rule 5(B)(2): ". . . It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete."

Trial Rule 72(D): " * * * It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient."