**INTERNATIONAL VACUUM, INC.,**
**Appellant (Defendant below),**

v.

**Charles OWENS and Mary Owens,**
**Appellees (Plaintiffs below).**

**No. 1–382A55.**

Supreme Court of Indiana.

June 15, 1983.

David F. Truitt, Donaldson, Andreoli & Truitt, Lebanon, Leo T. Scarry, International Vacuum, Inc., Pembroke, Mass., for appellant.

William Levy, Yosha & Cline, Indianapolis, for appellees.

ON PETITION TO TRANSFER

HUNTER, Justice, dissenting to denial of transfer.

I respectfully dissent from the denial of International Vacuum's petition to transfer which requests review of the Court of Appeals' decision in *International Vacuum, Inc. v. Owens,* (1982) Ind.App., 439 N.E.2d 188. Defendant, International Vacuum, Inc., (International) appeals from a default judgment in a products liability action. The trial court denied International's mo-

tion for relief from judgment and the Court of Appeals, finding no abuse of discretion, affirmed the trial court. *Id.* at 190. For the following reasons, I would grant transfer, vacate the Court of Appeals' opinion, and reverse the trial court's judgment.

A review of the facts leading up to the default judgment show that plaintiffs, Charles and Mary Owens, filed suit January 29, 1980. International's general counsel, Leo T. Scarry, filed a timely answer. No action occurred on the cause from March, 1980 until February 26, 1981, when the trial court ordered plaintiffs to show cause why the case should not be dismissed for want of prosecution. Plaintiffs' local counsel then entered an appearance and requested a trial date. Scarry, anticipating a change in his office address, previously had given International's address as his mailing address. Consequently, the address on the bench docket was "Leo T. Scarry, International Vacuum, Oak St., Pembroke, Mass." However, the court clerk mailed notice of the pretrial conference and trial date to "Leo T. Scarry, Oak St., Pembroke, Mass." The notice was returned, marked "Return to Sender—Addressee Unknown." International did not appear at the pretrial hearing, and plaintiffs moved for default judgment. Notice of the hearing on this motion was sent to Scarry, again with an incomplete address. This notice was returned to the court marked, "Return to Sender—Undeliverable as Addressed." Notice of the hearing on damages also was sent to Scarry using an incomplete address and was returned to the court. On August 27, 1981, the court mailed the two previous notices to Scarry, this time addressing the envelope "c/o International Vacuum." Scarry received the information on the default judgment and hearing on damages August 31 and immediately contacted plaintiffs' attorneys. He then obtained local counsel. Meanwhile, on September 2, the trial court entered judgment for Charles Owens in the amount of $250,000 and for Mary Owens in the amount of $50,000.

International filed a motion to set aside judgment based on excusable neglect under Trial Rule 60(B). Scarry testified that he had not received any communication about the suit from February, 1980 until August 31, 1981, *when the envelope was addressed properly.* In affirming the trial court's denial of International's 60(B) motion, the Court of Appeals found that there was no abuse of discretion because Scarry had not exercised due diligence and had not complied with Trial Rules 5(B)(2) and 72(D). 439 N.E.2d at 189. I disagree.

Although our review of a trial court's order on a request for relief from judgment is limited, *Siebert Oxidermo, Inc. v. Shields,* (1983) Ind., 446 N.E.2d 332, the judgment will be overturned if it is clearly against the logic and effect of the facts or the reasonable deductions to be drawn therefrom. *Town of Portage v. Clifford,* (1970) 254 Ind. 443, 260 N.E.2d 566. Here the Court of Appeals placed great reliance on its conclusion that Scarry did not comply with Trial Rules 5 and 72. However, the facts do not support this conclusion. Trial Rule 5(B)(2) provides in pertinent part:

"(2) Service by mail. . . . It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete."

Rule 72(D) provides:

*"(D) Notice of orders or judgments.*

"It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient."

Defense counsel complied with Rule 72(D) when he gave International's address as his mailing address. Similarly, he substantially complied with Rule 5(B)(2). At the time Scarry entered his appearance and filed defendant's answer he gave the best address he had, even though it was not his *office* address. To find that Scarry failed to com-

ply with these trial rules because he gave a mailing address different from his office, at a time when it was impractical to give his office address, emphasizes form over substance. The purpose of the above rules is to obtain an address to which sufficient service can be made. Defense counsel did provide such an address.

Plaintiffs argue that if Scarry had notified the court of his new office address the problem could have been avoided. They overlook the fact that if the clerk had used the complete address on the bench docket, the problem also would have been avoided. Once the clerk's office used the complete address, Scarry responded. Thus it was a clerical error by the clerk's office that prevented Scarry from receiving the notices on the pretrial hearing and hearings on the default judgment rather than defense counsel's failure to comply with the trial rules. Additionally, both trial rules cited by the Court of Appeals state that when notice is mailed to the *address on the bench docket* it "shall be deemed sufficient." It is obvious that notice was *not* given to the address on the bench docket. Therefore, there was no sufficient service.

Because defense counsel did substantially comply with the trial rules in question, the only action leading to the default judgment that is attributable to International was Scarry's lack of diligence in not hiring local counsel or checking on the status of the case. Scarry explained that it was his practice not to hire local counsel until a case was prosecuted actively in order to save money. He said he assumed that plaintiffs would contact him to obtain settlement or discovery at which time he would hire local counsel. He also stated that he felt it was plaintiffs' responsibility to move the case along, and that he did not want to stir up any action if the plaintiffs were going to let the cause die.

Defendant's strategy may not have been the wisest one. It is also true that an attorney has a "duty to apprise himself of the status of matters before the court which have been entrusted to his care." *Ed Martin Ford Co., Inc. v. Martin,* (1977) 173

Ind.App. 428, 432, 363 N.E.2d 1292, 1295. However, defense counsel's actions in this case do not demonstrate such glaring negligence as to preclude relief from a default judgment. Default judgments are to be used sparingly and are not favored. *Cua v. Ramos,* (1982) Ind., 433 N.E.2d 745, 752; *Erdman v. White,* (1980) Ind.App., 411 N.E.2d 653, 657. It is preferable to give parties their day in court and to decide disputes on their merits, especially when, as in this case, material issues of fact and substantial amounts of money are involved. *Erdman,* 411 N.E.2d at 657; *Green v. Karol,* (1976) 168 Ind.App. 467, 473, 344 N.E.2d 106, 110 (citing C. Wright & A. Miller, 10 Federal Practice and Procedure § 2681 (1973)).

The facts indicate that International filed a timely answer to plaintiffs' complaint and, once properly notified of the default judgment, took immediate action. Plaintiffs, on the other hand, were less than diligent in prosecuting their cause until spurred into action by the trial court. Although this factor alone would not justify relieving International of the default judgment, plaintiffs' action, or lack thereof, should be considered along with the other facts and circumstances of this case. *See Boles v. Weidner,* (1983) Ind., 449 N.E.2d 288 (1983). It would be inequitable to punish International for its sole lack of diligence when plaintiffs' lax prosecution of their suit contributed to the default judgment.

Because defense counsel substantially complied with Trial Rules 5(B)(2) and 72(D), because International's nonappearance was a result of a clerical error, and because of the plaintiffs' own lack of diligence, I find that the trial court's denial of the 60(B) motion is clearly against the logic and effect of the facts in this case. Therefore, I dissent to the denial of transfer. The petition to transfer should be granted, the Court of Appeals' opinion should be vacated, and the trial court's denial of defendant's motion to set aside the default judgment should be reversed.