Charles SANDERS, Appellant–Plaintiff,

v.

Rose CARSON, Appellee–Defendant.

No. 22A04–9404–CV–143.

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1995.

C. Gregory Fifer, Voelker Law Office, Jeffersonville, for appellant.

Daniel R. Marra, Jeffersonville, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, Charles Sanders ("Sanders"), appeals the denial of his motion to correct errors and the denial of his motion for relief from judgment. We affirm.

### Issues

Sanders presents three issues for review, which we restate as:

I. Whether the trial court properly dismissed with prejudice Sanders' complaint.

II. Whether the trial court properly entered judgment in favor of Rose Carson on her counterclaim.

III. Whether the trial court properly denied Sanders' motion for relief from judgment and motion to correct errors.

IV. Whether the trial court had jurisdiction over the case.

### . Facts and Procedural History

The facts most favorable to the judgment indicate that Sanders was employed at Louisville Home Fashion in Jeffersonville, Indiana. He filed a complaint against co-worker Rose Carson ("Carson"), alleging that she falsely accused him of sexual harassment. Carson filed a counterclaim seeking damages for harassment and demanded a jury trial. Sanders filed an answer to this counterclaim.

At the final pre-trial conference held on July 23, 1993 and with counsel for both sides present, the matter was set for trial on October 25, 1993. Sanders, in fact, requested the said trial date. R. 39.

Sanders' counsel withdrew from the case on October 12, 1993. Carson and her attorney appeared for trial on October 25, 1993. Sanders failed to appear. Upon Carson's motion, the trial court dismissed Sanders' complaint with prejudice. Carson then presented evidence on her counterclaim and was awarded judgment in the amount of $25,000.

Sanders, pursuant to Indiana Rule of Trial Procedure 60, filed a *pro se* motion "to set aside judgment and to relieve the Plaintiff from an entry of default judgment." After a

hearing, the trial court denied the motion. Sanders, by counsel, then filed a motion to correct errors pursuant to Indiana Rule of Trial Procedure 59, which was denied by the trial court. Sanders appeals from the denial of his motion to correct errors and the denial of his motion for relief from judgment. We affirm.

*Discussion and Decision*

I.

■ We must first determine whether the trial court properly dismissed with prejudice Sanders' complaint. Sanders argues that the trial court erred when it granted default judgment against him without providing him with notice and a hearing. However, the judgment entered against Sanders on his complaint was not a default judgment, as defined by Indiana Rule of Trial Procedure 55.[1] Default judgments are used against defendants when they fail to appear in an action or otherwise fail to comply with the rules of trial procedure.

■ Sanders' complaint was involuntarily dismissed pursuant to Indiana Rule of Trial Procedure 41(B). That rule states, in pertinent part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all evidence.

Sanders failed to appear to present evidence in meeting his burden of proof as a plaintiff. Sanders was called forward in open court to present his case in chief. He failed to appear. The defendant, Carson, then moved for dismissal with prejudice. When a plaintiff has an opportunity to present evidence

and, absent mistake, surprise or excusable neglect, fails to present evidence, the plaintiff will be treated as though he waived his right to present evidence in support of his pleading.

■ Where a trial court involuntarily dismisses an action after presentation of a plaintiff's case, we consider only evidence most favorable to the plaintiff and determine whether there was substantial evidence of probative value to establish the material elements of the plaintiff's complaint. *Tishey v. Board of School Trustees of North Newton School Corp.* (1991), Ind.App., 575 N.E.2d 1018, *reh. denied, trans. denied.* Sanders' failure leaves us with no evidence to consider in his favor on review. Thus, there is no substantial evidence of probative value to establish the material elements of his complaint.

■ Sanders argues that he had no notice of the trial date on October 25, 1993. He relies only on cases relating to Indiana Rule of Trial Procedure 55(B), default judgment notice requirements. Because Sanders' complaint was an involuntary dismissal, and not a default judgment, those notice requirements do not apply. Moreover, the record indicates that Sanders had counsel until October 12, 1993. His counsel attended the July pre-trial conference and requested the October 25th trial date. The subsequent withdrawal of counsel does not provide Sanders with a notice defense.

II.

■ We must next determine whether the trial court properly entered judgment in favor of Carson on her counterclaim. Carson had the burden of going forward on the counterclaim. Carson presented evidence on the counterclaim. Sanders did not appear to present evidence to conflict with Carson's evidence. The trial court entered judgment pursuant to Indiana Rule of Trial Procedure 58 after the close of all evidence. The judgment entered on the counterclaim was not a default judgment because Sanders did not

---

1. Indiana Rule of Trial Procedure 55(A) states: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted.

fail to plead or appear in the action, as is the case with default judgment. Sanders merely failed to present evidence to dispute Carson's evidence on the counterclaim.

Sanders' attorney filed an answer to Carson's counterclaim prior to her withdrawal from the case. Therefore, the issues in the case had been formed and default judgment could not be entered against Sanders when he failed to appear for trial. The trial court heard evidence on Carson's counterclaim prior to entering judgment in her favor. Although the docket sheet in the record makes reference to default judgment, the judgment on the counterclaim was actually a judgment on the merits. Sanders was not entitled to notice under T.R. 55.

On review, we look to the evidence most favorable to the judgment. Accordingly, we affirm the award of $25,000 on the counterclaim.

### III.

██ Sanders next contends the trial court abused its discretion in denying his motion for relief from the involuntary dismissal of his complaint and from judgment against him on Carson's counterclaim. T.R. 60(B) provides for relief from judgments or orders. Whether to grant relief under T.R. 60(B) is a matter entrusted to the trial court's discretion. We will reverse a decision on a T.R. 60(B) motion only for an abuse of that discretion. *Taco Bell v. United Farm Bureau Mutual Insurance* (1991), Ind.App., 567 N.E.2d 163, 165, *trans. denied.*

██ Sanders argues that the dismissal of his complaint and the judgment on Carson's counterclaim should have been set aside because of mistake, surprise, or excusable neglect, in that neither he nor his attorney had notice of the trial date. This court has held that it is the duty of an attorney and his client to keep apprised of the status of matters before the court. *Ed Martin Ford Inc. v. Martin*, 173 Ind.App. 428, 363 N.E.2d 1292, 1295. A judge does not have a specific

duty to inform individual attorneys or their clients of their trial dates. *Id.*

The trial court in its Order and Judgment stated that "This matter was set for jury trial at the request of Plaintiff, Charles H. Sanders, on July 23, 1993," and "Plaintiff's counsel was present at the pretrial conference and remained attorney of record for Plaintiff up to and including October 12, 1993." R. 39. Also, there is testimony in the record from opposing counsel that Sanders' attorney was present at the July pre-trial conference. R. 76–77.

We will not second guess on appeal whether Sanders' in fact received notification from his attorney of the October trial date. It was the duty of his attorney to provide Sanders with notification of the trial date. Nothing in the record indicates Sanders did not have notice of the trial date. As the appellant, Sanders is charged with the burden of proving his allegations of error. Moreover, if Sanders did not receive adequate notice from his attorney, he may pursue other remedies against his attorney in a separate action. Nonetheless, the issue of communication between Sanders and his attorney is not an issue in this appeal.

### IV.

Finally, Sanders contends the trial court did not have jurisdiction over the case. He argues that the small claims court had jurisdiction because Carson did not pay transfer fees in a timely manner.[2]

██ Sanders filed the original complaint in small claims court. Carson petitioned the court to transfer the cause to Floyd Superior Court. The court transferred the cause on September 21, 1992. Carson paid the transfer fees on March 10, 1993, more than twenty days after the order directing transfer. Sanders did not object to the Superior Court exercising jurisdiction after the late payment of fees, and he even filed a motion for jury trial and a motion to amend his complaint after the late payment.

---

**2.** Rule 5(B) of the Local Rules of Civil Practice in the Circuit, Superior, and County Courts of Floyd County, Indiana, requires that transfer fees be paid within twenty days of the order directing

transfer, or the order is rescinded and jurisdiction remains with the court in which the action was initially filed.

██ Jurisdiction of a particular case refers to the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction. *Santiago v. Kilmer* (1992), Ind.App., 605 N.E.2d 237, 241, *reh. denied, trans. denied.* When a court lacks jurisdiction over the particular case, the judgment is voidable, requiring proper and timely objection to the court's exercise of jurisdiction or it is waived. *Id.* Because Sanders failed to make a timely objection when Carson did not pay the fees within the required twenty days, he has waived the issue of jurisdiction over the case.

Affirmed.

ROBERTSON, J., concurs.

DARDEN, J., concurs in result with separate opinion.

DARDEN, Judge, concurring in result.

This court must decide a case on the record which is before the court, and cannot speculate as to the actual facts of a case. *Zapffe v. Srbeny* (1992), Ind.App., 587 N.E.2d 177, 180, *reh'g denied, trans. denied.* It is the appellant's duty to ensure that an adequate record is presented for review of issues raised. *Mid–West Federal Savings Bank v. Epperson* (1991), Ind.App., 579 N.E.2d 124, 125. *reh'g denied, reh'g denied.*

Carson alleges that Sanders' attorney requested an October 25, 1993, trial date at a July 23, 1993, pre-trial conference.[1] Sanders'

attorney withdrew on October 12, 1993, and Sanders was not present at the October 25 trial. The trial court dismissed Sanders' complaint and awarded judgment for $25,-000.00 against him on Carson's counterclaim. Sanders, acting *pro se,* moved to set aside the judgment. When that motion was denied, Sanders obtained the services of an attorney. Sanders then filed a motion to correct error, alleging, among other things, that he was not notified of the October 25 trial date.[2] This motion was denied as well. Sanders now argues that the trial court abused its discretion in denying his motion for relief from the involuntary dismissal of his complaint and from judgment against him on Carson's counterclaim.

Here, the hearings on Sanders' motion to set aside the judgment and motion to correct error were unrecorded, and the record is silent as to the proceedings. Sanders could have provided this court with a "statement of the evidence of [these] proceedings from the best available means, including his recollection." Ind.Appellate Rule 7.2(A)(3)(c). App.R. 7.2(A)(3)(c) further states as follows:

"If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to

[1] The trial was previously scheduled for August 2, 1993.

[2] Sanders' motion to correct error states in pertinent part as follows:
"14. Among the uncorrected errors of law mandating the vacation of the default judgment are the following.
a. Cunningham failed to comply with Local Rule 3(B) in giving notice of her withdrawal.
b. Carson failed to timely pay transfer fees under Local Rule 5(B), and this court therefore lacked jurisdiction to grant the default judgment.
c. This cause was not assigned for trial in conformity with Local Rule 8. Carson failed to file and serve a certificate of readiness that would have alerted Sanders of the pending trial date.
d. No notice or order was ever served upon Sanders advising him of this trial date. In fact, the docket sheet and the court's file in this matter do not reflect any scheduled trial date for October 25, 1993.
e. Both parties in this action demanded a jury trial. Damages assessed in the default judgment, even if the judgment is proper, had to be assessed by a jury. Sanders did not waive his right to trial by jury under Ind.Trial Rule 38(D).
f. Carson failed to give notice of her demand for default as required by Ind.Trial Rule 55(B). Sanders appeared in this action, and he was entitled to written notice of the application for judgment at least three days before the hearing on the application." (R. at 5–6).

the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record."

Because Sanders failed to provide this court with an adequate record for review of the issues which he raised, I concur in affirming the trial court.