Richard G. BLAIR, Appellant (Plaintiff, Counter-Defendant),

v.

George EMMERT and Jill Emmert, Appellees (Defendant, Counter-Claimants).

No. 35A04–8601–CV–7.

Court of Appeals of Indiana, Fourth District.

July 29, 1986.

Rehearing Denied Aug. 22, 1986.

Richard G. Blair, pro se.

Stephen J. Michael, Huntington, for appellee.

MILLER, Judge.

In a dispute over who owned certain real estate in Huntington County, Indiana, Richard Blair sued George Emmert for trespass, and Emmert counter-claimed to quiet title and sought a declaratory judgment to clear a cloud cast upon the real estate by Blair's claim of interest. The trial court granted summary judgment in favor of Emmert on Blair's claim of trespass and a default judgment against Blair on Emmert's counterclaim to quiet title. Blair appeals, arguing he has superior title and alleging the trial court erred in denying his request for a change of venue, in holding hearings without notice and failing to make transcripts of hearings, and in granting the

summary judgment and default judgment. Blair also generally avers his due process rights have been impinged.

We affirm.

## FACTS

Blair, a doctor in Huntington, Indiana, owned property at 809 North Jefferson Street. In 1976, Blair refused to pay his federal income taxes so that a tax lien was filed on the property on September 7, 1977. At a tax foreclosure sale held on March 1, 1985, the Emmerts purchased the property and received a tax deed from the Internal Revenue Service.

Meanwhile, in a novel yet naive attempt to retain ownership of the property, Blair fabricated a self-styled document in which he declared himself as having perfect title to the property. Blair also certified the document as conclusive evidence of land ownership which could not be challenged. He bestowed the title of "Declaration of Land Patent" on the document and filed it with the recorder of deeds for Huntington County on February 22, 1985.

Blair's next attempt to regain control of his property was to file *pro se* a complaint against Emmert and his wife in federal district court to quiet title. In essence, the complaint alleged two reasons as to why he was the rightful owner of the property. First, Blair claimed the Sixteenth Amendment of the Constitution—granting Congress the power to collect income taxes—was unconstitutional. He averred the amendment was not properly ratified so that income taxes are "uncollectible due to fraud." Second, Blair argued his "land patent" document granted him superior title to the property.

In recognizing the "obvious insufficiency of the grounds for Blair's complaint," the federal court *sua sponte* dismissed Blair's pleading before any responsive pleading was required. Among the multitude of deficiencies and meritless arguments listed by the federal court as reasons for dismissal, the court noted the federal courts have held that the Sixteenth Amendment was valid and Blair's personal fiat of filing a

document labelled "land patent" could bind no one and did not extinguish a federal tax lien validly attached to the property. Thus, the federal court *sua sponte* dismissed Blair's *pro se* complaint and concluded, "Certainly, it would be an enormous waste of resources to have the parties continue in this action when the basis for the suit is meritless on even the most cursory analysis." Record, p. 32.

Unfortunately, Blair continued to pursue his claim—this time in state court. On March 28, 1985, he filed another *pro se* complaint against Emmert for trespass, alleging Emmert had broken into his home at 809 North Jefferson with the aid of the Huntington police department. Blair claimed Emmert had changed the locks on the house, depriving Blair access to his property. Blair also refused to remove his personal property from the premises, and he sought compensation for any personal property which had been stolen or disposed of by Emmert.

The Emmerts denied Blair's claim, counterclaimed to quiet title, and sought a declaratory judgment. They also sought an order requiring Blair to pay their attorney's fees on the grounds that Blair's complaint was insufficient, immaterial, and a sham pleading.

After Blair failed to file a responsive pleading to the Emmert's counterclaim, the Emmerts moved for a default judgment on their quiet title counterclaim and summary judgment on Blair's trespass claim. The court granted both of the Emmerts' motions. In addition, the trial court found that Blair had dragged the Emmerts into baseless litigation as a result of filing these suits in state and federal court. Finding Blair's behavior obdurate, the court ordered Blair to pay $1,508.46 for the Emmerts' attorney's fees.[1]

Blair appeals, alleging the following issues for our consideration:

(1) Whether his self-styled document labelled a "federal land patent" grants him superior title in the real estate?

(2) Whether the trial court erred in failing to make transcripts of the hearings?

(3) Whether the trial court erred in failing to grant Blair's request for a change of venue?

(4) Whether the trial court erred in granting the summary judgment against Blair on the claim and default judgment on the counterclaim?

(5) Whether the trial court properly notified Blair of the hearings?

(6) Whether Blair's constitutional rights were violated?

We affirm.

*Standard of Review*

We note at the outset that the Emmerts have elected not to favor us with an appellees' brief.[2] In such cases, our court has long applied a less stringent standard of review with respect to showings of reversible error. The appellant need only establish the lower court committed prima facie error to win reversal. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989. While Blair is correct when he states that the failure of an appellee to file a brief is considered to be a confession of error warranting reversal, such a rule will only be invoked where the appellant's brief makes a prima facie showing of error. This Blair has failed to do.

1. Blair does not challenge the propriety of this particular order on appeal. We note, however, that the order complies with our supreme court's requirements for awarding attorney's fees to a prevailing party who has been dragged into baseless litigation and thereby subjected to great expense because Blair's obdurate behavior was his filing of a second, meritless suit and not any illegal or intentional conduct that would give rise to a cause of action. *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503.

2. The court file contains a letter from the Emmerts' trial counsel notifying our court that the Emmerts had decided not to participate in this appeal because they believed the costs and fees of defending the appeal would not be cost effective.

### Land Patent

■ In his two sentence argument and without citation to any authority, Blair argues his fabricated document he calls a federal land patent gives him superior title and the Emmerts have "wild color of title." Blair's document, however, was not issued by the federal government; it is a self-serving document executed by Blair. It recites no other parties and thus could bind no one. The mere filing of a document in a county recorder's office does not create property rights in those persons named in the document. *See Shirk v. Thomas* (1889), 121 Ind. 147, 22 N.E. 976. Thus, Blair's contention that his personal fiat of filing a document entitled "land patent" gave him superior title is wholly without merit.

### Failure to Make Transcripts

■ Blair's second argument is the trial court failed to record the hearings involving the Emmerts' motions for summary judgment and default judgment on May 23, 1985 and Blair's motion to set aside the judgment on September 17, 1985. It is elemental to an appeal, however, that the appellant demonstrate not only that error occurred, but also that prejudice resulted from that error. *P.S. by Harbin v. W.S.* (1983), Ind., 452 N.E.2d 969. Without even reaching any consideration of whether it was error for the trial court to fail to record the hearings, we conclude Blair's argument is incomplete and unpersuasive because he has failed to explain how he was prejudiced by this in any way.

### Change of Venue

■ Blair also alleges the trial court erred in failing to grant his request for a change of venue. The record reveals, however, that the change of venue was initially granted by the trial court but that the parties did not agree upon the county to which the change of venue should be changed and Blair failed to strike off the names of the adjoining counties, as provided for by Ind.Rules of Procedure, Trial Rule 76(9).[3] This rule also dictates, "If a moving party fails to strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction." *Id.* Thus, the trial court properly retained jurisdiction when Blair failed to follow through with his change of venue request.

■ Blair's second motion for change of judge filed on May 17, 1985 is also fatally defective. Although filed after the time period allowed, a party may file an application for a change of judge upon obtaining knowledge of the grounds for the change. T.R. 76(8). Nevertheless, the application must specifically allege "when the cause was first discovered, how discovered, the facts showing the grounds for the change, and why such cause could not have been discovered before by the exercise of due diligence." *Id.* Blair's second motion merely alleges the trial court judge was biased, and nothing more. This completely fails to satisfy the requirements of the rule, and it was not error for the trial court to deny it.

### Summary Judgment and Default Judgment

■ In a less than cogent argument, Blair alleges the trial court erred in granting summary judgment against him on his claim of trespass because he objected to it.

---

3. This rule provides:
 "Whenever a change of venue from the county is granted, if the parties to such action shall agree in open court, within three (3) days from the granting of the motion or affidavit for the change of venue, upon the county to which the change of venue shall be changed, it shall be the duty of the court to transfer such action to such county. In the absence of such agreement, it shall be the duty of the court within two (2) days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties within seven (7) days thereafter, or within such time, not to exceed fourteen (14) days, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure."
 T.R. 76(9).

The test, however, for determining whether summary judgment should be granted or not is not whether a party objects, but whether there exist genuine issues of material fact and whether the moving party is entitled to a judgment as a matter of law. T.R. 56(C). As our discussion of this case indicates, the facts are undisputed and the Emmerts were entitled to judgment as a matter of law in Blair's claim of trespass. Blair has offered no argument that the facts were in dispute and his statements of why the Emmerts were not entitled to a judgment as a matter of law are incorrect. Thus, the trial court properly granted the Emmerts' motion for summary judgment.

■ Blair also argues the trial court erred in refusing to grant him relief on the default judgment entered against him on the Emmerts' counterclaim to quiet title. Because Blair offers no reason in his brief as to why he was entitled to relief from his default judgment, we are hard pressed to determine how the trial court abused its discretion in refusing to grant Blair the requested relief. As such, Blair has presented no argument for reversing the trial court on this issue.

*Notice*

Blair's next contention is that he did not receive notice "at vital times to his cause." He fails to state, however, the times he believes he was entitled to notice and what type of notice was required. Thus, we are at a complete loss to attempt any type of review of this issue. Blair obviously had notice of the law suit because he filed it himself. Moreover, it is an attorney's duty to exercise ordinary diligence to keep informed of the status of matters in court entrusted to his case, *Kuhn v. Indiana Ice & Fuel Co.* (1937), 104 Ind.App. 387, 11 N.E.2d 508, and the same standards apply to *pro se* litigants. *Turner v. American Bar Association* (N.D.Ind.1975), 407 F.Supp. 451. Thus, Blair must suffer the consequences of his own ineptness to represent himself when he elected to enter court *pro se.*

*Constitutional Rights*

■ Finally, Blair generally argues his constitutional rights have been impinged by the Emmerts' "cavalier attitude toward the law." He in no way enlightens us as to which of his constitutional rights have been compromised so that any meaningful review of this issue has been waived. To attempt a review would require conjecture as to the remotely possible arguments Blair could make, and we decline to do so.

Thus, Blair has presented us with no valid argument for reversal, not even prima facie error. The judgment of the trial court is affirmed.

YOUNG, P.J., and CONOVER, J., concur.