**In the Matter of the GUARDIANSHIP OF R.M.M.**

No. 09A02–0808–CV–725.

Court of Appeals of Indiana.

Feb. 23, 2009.

Joshua K. March, Putnamville Correctional Facility, Greencastle, IN, Appellant pro se.

## OPINION

BARNES, Judge.

### Case Summary

Joshua March appeals the trial court's denial of his petition to modify his weekly child support obligation. We reverse and remand.

### Issue

March raises one issue, which we restate as whether the trial court abused its discretion by denying March's petition to modify child support.

### Facts

March is presently incarcerated. His five-year old daughter, R.M., is being

raised by her great uncle and aunt, Kongkeo Nomany and Cindy Douangnaly. Nomany and Douangnaly are the appointed guardians of the child. The record is not entirely clear, but it seems R.M.'s mother, Linda Peankhamhor, was incarcerated at one point and is either still incarcerated or somehow otherwise unable or unwilling to care for R.M. Both March and his mother, Cathy March, have visitation rights with R.M. March exercises visitation approximately once a month when his mother has R.M. for a weekend and brings R.M. to visit him.

The trial court established Nomany and Douangnaly's guardianship of R.M. on July 25, 2006. At that time, the trial court ordered the biological parents, March and Peankhamhor, to pay $15 each per week of child support, retroactively. Both March and Peankhamhor were incarcerated at that time. The guardians filed a petition to modify the support order on August 28, 2006.

On November 16, 2006, the trial court held a hearing on the guardians' petition. The guardians argued that Indiana's Child Support Guidelines require a total obligation based on an assumed federal minimum wage, which would be $134 per week, or $67 per parent. The guardians reported their child care expenses and health insurance premiums to be $52.00 per week. On January 18, 2007, the trial court modified the child support order so that each biological parent was to pay $67 per week. The trial court found that March and Peankhamhor were "each imputed to have a weekly gross income of $210." App. p. 14.

March filed a pro-se petition to modify child support on August 17, 2007, arguing that the child support order was inconsistent with Indiana law, specifically *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind.2007), issued on February 22, 2007. The trial court held a hearing on August 28, 2007,

and took the matter under advisement. It did not issue an order until March 30, 2008, which denied March's petition for modification. March filed a timely motion to correct error, which was denied on July 2, 2008. This appeal followed.

### Analysis

The guardians did not file an appellee's brief. We do not need to develop an argument for them, and we apply a less stringent standard of review in this situation. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind.Ct.App.2005). We may reverse the trial court if the appellant is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.*

We review determinations of whether child support obligations should be modified for an abuse of discretion. *In re Paternity of E.C.*, 896 N.E.2d 923, 924 (Ind.Ct.App.2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* at 925. The moving party has the burden of establishing grounds for modifying his or her child support obligation. *Id.*

Pursuant to Indiana Code Section 31–14–11–8, child support obligations may only be modified upon a showing:

(1) of a substantial change in circumstances that makes the terms unreasonable; or

(2) that:

  (A) a person has been ordered to pay an amount in child support that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines; and

  (B) the support order requested to be modified or revoked was issued at least twelve months before the pe-

tition requesting modification was filed.

In this instance, it seems the substantial change in circumstances was in fact a development in Indiana child support law that made the terms of March's support order unreasonable.

In *Lambert,* our supreme court held that when determining support orders, "courts should not impute potential income to an imprisoned parent based on pre-incarceration wages or other employment-related income, but should rather calculate support based on the actual income and assets available to the parent." *Lambert v. Lambert,* 861 N.E.2d 1176, 1177 (Ind.2007). It was careful to emphasize, however, that incarceration does not relieve parents of their child support obligations. *Id.* Throughout its analysis, the supreme court was careful to distinguish Lambert's situation where determination of an initial support order was being made with situations which involved determining whether incarceration justified the reduction of an existing support order. *Id.* at 1177. March is not attempting to reduce an existing child support order after being incarcerated; rather, he was incarcerated at the time of the calculation of the initial order, had his support increased while incarcerated, and he has been incarcerated throughout the entire course of this litigation.

■ March claims that the *Lambert* case mandates "an incarcerated parent's income should not be imputed to minimum wage if the parent is not actually making a 40 hour minimum wage income." App. p.

17. Our supreme court does not actually make such a specific statement in *Lambert.* Instead, *Lambert* cautions trial courts from imputing income based on "pre-incarceration wages" or "other employment-related income" to a parent. March may have a point, however, given that Commentary to the Guidelines indicates that "the Guidelines do not establish a minimum support obligation."[1] Ind. Child Support Guideline 2. In *Clark v. Clark,* 887 N.E.2d 1021, 1025 (Ind.Ct.App. 2008), *trans. granted,* another panel of this court opined that a trial court was wrong to impute at least minimum wage earnings as to an incarcerated parent and found that "minimum wage should not be interpreted as a cut-off amount for child support payments." We acknowledge that our supreme court granted transfer of *Clark* on September 18, 2008, and we await an opinion regarding *Lambert's* application to modifications of child support orders based upon changed circumstances of incarceration and the application of minimum wage as a floor to setting a child support obligation.

■ Regardless of any imputation of at least minimum wage earnings, the problem with the trial court's calculation of March's support is that it is not based on the actual income and assets available to the parent—as *Lambert* instructs support calculations should be. *See Lambert,* 861 N.E.2d at 1177. There was no evidence presented that March had actual income or assets even close to $210 a week. In fact, March testified that he was making $6 per month

---

1. When a trial court is convinced that a parent's unemployment or underemployment has been manufactured solely to evade child support, the Guidelines give the trial court wide discretion to impute potential income to that parent. *In re Marriage of Turner v. Turner,* 785 N.E.2d 259, 265 (Ind.Ct.App.2003). If after reviewing the parent's work history, occupational qualifications, prevailing job opportunities, and community earning levels the trial court determines there is no work history and no higher education or vocational training, it is suggested that weekly gross income be set at least at the federal minimum wage level. *Id;* Child Supp. G. 3(A)(3). March's present incarceration is not a situation of manufactured underemployment.

working in the kitchen and there were no other employment opportunities available at his penal facility. March speculated that other facilities may have better employment options, but the record does not contain evidence that March was moving to those facilities. No facts in the record indicate that March had any additional available assets.

The trial court was incorrect in denying March's petition for modification. March presented evidence that he was earning approximately $6 per month, yet the trial court continued a $67 per week support order. The evidence before the court indicated that the previous child support obligation of $15 per week was more appropriate, especially considering the *Lambert* decision. March is not attempting to avoid his child support obligations and candidly admitted his willingness to pay a lesser amount.

Our supreme court noted in *Lambert* that "to the extent that an order fails to take into account the real financial capacity of a jailed parent, the system fails the child by making it statistically more likely that the child will be deprived of adequate support over the long term." *Lambert*, 861 N.E.2d at 1180. In addition, $67 per week is not within the recommended range of the Guidelines for those with an income of less than $100 per week, which "provide for case-by-case determination . . . normally within the range of $25–$50 weekly." Child Supp. G. 2. March has established prima facie error here and we conclude that the denial of his motion to modify was an abuse of discretion.

■ We remand this case to the trial court. We recommend further fact finding proceedings regarding March's current actual earnings and assets with modification of his child support obligation in line with those findings. Any modification would only be retroactive to the date March's petition was filed. *See Schacht v. Schacht*, 892 N.E.2d 1271, 1279 (Ind.Ct.App.2008) ("[A] trial court has the discretionary power to make a modification for child support related back to the date the petition to modify is filed, or any date thereafter.").

### Conclusion

The trial court abused its discretion in denying March's petition for child support modification. We reverse and remand.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.