## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2015, 9:33 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

Yvette C. Kirchoff
Vincennes, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Matter of the Paternity of L.J.E.L.,

K.J.D.L.,
*Appellant-Respondent,*

v.

L.J.B.,
*Appellee-Petitioner.*

July 22, 2015

Court of Appeals Case No.
42A04-1411-JP-546

Appeal from the Knox Superior Court;
The Honorable W. Timothy Crowley, Judge;
42D01-1309-JP-56

**May, Judge.**

[1] K.J.D.L. (Father) appeals the trial court's order awarding physical custody of L.J.E.L. (Child) to L.J.B. (Mother). We affirm.

## Facts and Procedural History

[2] Mother gave birth to Child on June 12, 2013. Mother and Father never married, but Father executed a paternity affidavit two days after Child's birth and a DNA test confirmed Child's paternity. Mother filed a paternity action to establish support and custody of child on September 13, 2013.

[3] On February 16, 2014, the trial court entered a temporary order establishing joint legal and physical custody. On July 16, 2014, the trial court held a hearing on the matter, at which both Mother and Father appeared *pro se*. On September 23, 2014, the trial court entered an order awarding Mother primary physical custody subject to parenting time for Father, granting joint legal custody of Child, and ordering Father to pay child support and maintain health insurance for Child. Father filed a motion to correct error on October 22, 2014, which the trial court denied the same day.

## Discussion and Decision

[4] We note Mother did not submit an appellee's brief. When an appellee does not file a brief, we do not need to develop an argument for her, and we apply a less stringent standard of review. *In re Guardianship of R.M.M.,* 901 N.E.2d 586, 588 (Ind. Ct. App. 2009). We may reverse the trial court if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it. *Id.* The appellee's failure to submit a brief, however, does not

relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Khaja v. Khan,* 902 N.E.2d 857, 868 (Ind. Ct. App. 2009), *reh'g denied.* Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986).

The trial court *sua sponte* entered findings of fact and conclusions of law. In this situation, "the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial." *Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012). Our standard of review of initial child custody determinations is well-settled:

> In deference to the trial court's proximity to the issues . . . [w]e do not reweigh the evidence or determine the credibility of witnesses. *Id*. at 227. Instead, we consider the evidence most favorable to the judgment, with all reasonable inferences drawn in favor of the judgment. *Id*. Finally, because the trial court was making an initial custody determination, it was required to consider all evidence from the time of Child's birth in determining the custody arrangement that would be in the best interest of Child.

*Hughes v. Rogusta*, 830 N.E.2d 898, 902 (Ind. Ct. App. 2005).[1]

---

[1] Father filed a Motion to Correct Error, but he does not argue the trial court erred when it denied it. We review the denial of a motion to correct error for an abuse of discretion, and to determine whether the court erred, we consider the propriety of the court's decision on the underlying order, here the trial court's order

Father argues Mother is not an appropriate parent, and thus should not have been awarded primary physical custody. He contends he should be awarded primary physical custody because he has "concerns regarding [Mother's] parenting abilities and apparent inability to put her son first above and beyond her personal desires." (Br. of Appellant at 14.) These concerns include Mother's alleged underage drinking, her health issues, and her alleged lack of attention to Child. However, Mother presented evidence she "is a very good mother" and Child "is very well taken care of" when Child is in Mother's care. (Tr. at 109.) Mother also presented evidence she had a job and was pursuing a degree part time.

Father's arguments are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Hughes*, 830 N.E.2d at 902 (appellate court does not reweigh the evidence or judge the credibility of witnesses). Accordingly, we affirm the decision of the trial court.

Affirmed.

Robb, J., and Mathias, J., concur.

---

determining custody and support of Child. *See In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (review of motion to correct error includes review of underlying order).