## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Donna Jameson
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Diane Lane, <br> *Appellant-Petitioner,* <br><br> Darrell Lane, <br> *Appellant-Intervenor,* <br><br>      v. <br><br> Danny English, <br> *Appellee-Respondent.* | July 24, 2015 <br><br> Court of Appeals Case No. <br> 32A04-1501-DR-41 <br><br> Appeal from the Hendricks Superior Probate Division; <br> The Honorable G. Thomas Gray, Special Judge; <br> 32D03-1301-DR-28 |

**May, Judge.**

Diane Lane ("Mother") and Darrell Lane ("Grandfather") appeal the court's removal from its docket the hearing set for January 9, 2015, on their motion to modify parenting time.[1]

We reverse and remand.

## Facts and Procedural History

Mother filed for divorce from Danny English ("Father") in July, 2002. The union produced one child, B.L. ("Child"). After a contested custody hearing, the court granted Mother and Father joint legal custody. Through the years, multiple motions for modification of custody and visitation have been before the court.

Father made allegations of sexual abuse against Mother and her brother. After investigation, Child Protective Services ("CPS") "found Father's allegations to be unsubstantiated[.]" (App. at 38.) Grandfather reported bruising on Child in 2007, and CPS substantiated the allegations that Father had caused the bruising on Child's leg. Father has sought counseling and received a certificate of completion for a parenting class.

Mother is mostly wheelchair-bound and is unable to care for Child without the aid of her parents. Father has several ailments including "arthritis, atrial

---

[1] We note numerous typographical errors in the Appellants' Brief, including misidentification of dates and people. (*See*, *e.g.*, Appellants' Br. at 4) ("Father using disparaging language when speak with Father," which appears from the context to be a reference to Father's disparaging language toward Grandfather). Such errors hinder our review, and we admonish counsel to proofread her briefs more diligently.

fibrillation, depression, obesity, hypoglycemia, and an eye problem." (*Id.* at 33.) As a result, both Mother and Father receive social security disability, and Grandparents have been heavily involved in the rearing of Child. Although communication between the parties has been contentious, the court found in 2008, "Grandfather shall communicate with Father and shall provide Father with information as to [Child's] school schedules, extracurricular activities, healthcare appointments, and other major events in [Child's] life." (*Id.* at 47.) The court ordered the parties to refrain from "speak[ing] negatively of the others in front of [Child]." (*Id.* at 48.)

[6] On July 23, 2008, the court granted Mother and Grandfather joint legal custody of Child. Mother and Grandfather were also awarded "primary physical custody of [Child], subject to Father's parenting time[.]" (*Id.* at 47.) Nevertheless, problems have continued. On July 26, 2013, based on a May 31, 2013, hearing, the court ordered the parties to follow the March 1, 2013, Indiana Parenting Time Guidelines ("IPTG").

[7] On May 30, 2014, Mother and Grandfather filed a Motion for Contempt against Father due to problems with parenting time exchanges. A hearing was set for June 27, 2014. Father answered and also filed a petition requesting information regarding Child's college savings account and attorney fees. Mother and Grandfather requested and were granted a continuance. The hearing was reset for July 25, 2014. Father filed a petition to be allowed to take Child to his church during his parenting time, requested an order regarding division of health care expenses for Child, and requested parenting time

exchanges go back to the way they had been. Father also requested and was granted a continuance. The hearing was reset for September 25, 2014. Prior to that date, the parties agreed to continue all pending matters until further notice.

[8]     On October 29, 2014, Mother and Grandfather filed a petition to modify the parenting time orders. Discovery ensued. A hearing was scheduled for December 18, 2014. Mother and Grandfather requested a continuance, which was granted. The court reset the hearing for January 9, 2015. On December 24, 2014, Father filed a motion for continuance of the January hearing. On December 30, 2014, the court granted it, removed the hearing from the docket, and issued the following order:

> [Father] has filed for a continuance of the matter for very good cause. A review of the file finds that the incident complained of in the contempt petition is now ancient history, not because of anyone's attempt to put it off, but just the history of the case.
>
> The Court sees no good reason to keep this issue on the docket. No new issues have been filed since the one incident that created the contempt petition. The Court feels this issue complained of was probable [sic] serious at the time, but has lost its contemptible nature over time.
>
> Everyone can agree that, at best, the parties will be on the watch for any reason to come back to Court. This is the wrong approach to this case. Mistakes are made in any divorce and this one is no different. Dragging all the parties back to Court will do no one any good, especially the child. The Court has found that in other cases such as this the child begins to sense that they [sic] are the problem and the reason for continually going back to Court. This must stop.
>
> The Court asks all parties to recall its lecture the first time this Court was present in the Courtroom. [Father] is the child's father and that fact cannot be changed. His impulsive actions do need to be

controlled and monitored. But, contempt does no one any good and only harms the child.

Therefore, the Court will not reset the present contempt petition for further hearing. If in the future, really contemptuous actions arise, the Court will direct its attention to those issues.

(*Id.* at 106.)

## Discussion and Decision

We note Father did not submit an appellee's brief. When an appellee does not file a brief, we do not need to develop an argument for him, and we apply a less stringent standard of review. *In re Guardianship of R.M.M.,* 901 N.E.2d 586, 588 (Ind. Ct. App. 2009). We may reverse the trial court if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it. *Id.* The appellee's failure to submit a brief, however, does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Khaja v. Khan,* 902 N.E.2d 857, 868 (Ind. Ct. App. 2009), *reh'g denied.* Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986).

Mother and Grandfather assert the trial court abused its discretion by vacating the hearing set for January 9, 2015, without resetting it. Trial judges are and should be granted substantial deference in the scheduling of matters before them. But on the record before us, it appears the court vacated the hearing set for January 9, 2015, on the mistaken belief that the hearing was to address only the contempt petition filed in May, 2014. (*See* App. at 106) ("Court will not

reset the present contempt petition for further hearing."). However, the scheduled hearing was to take evidence on Mother and Grandfather's petition to modify parenting time, which was filed in October, 2014. Discovery was in process when the parties requested continuances. It is unclear whether the trial court intended to vacate without resetting the hearing on the motion to modify parenting time, but that appears to be the effect of the order.

[11] We reverse and remand for the trial court to either set a hearing on the motion to modify parenting time or to clarify its previous order.

[12] Reversed and remanded.

Robb, J., and Mathias, J., concur.