## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 19 2019, 10:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

APPELLEE PRO SE

Elizabeth M. Kistner
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis L. Mink, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Elizabeth M. Kistner, <br> *Appellee-Respondent.* | June 19, 2019 <br><br> Court of Appeals Case No. 18A-JP-2773 <br><br> Appeal from the Marion Circuit Court <br><br> The Honorable Tamara L. Rogers, Magistrate <br><br> Trial Court Cause No. 49C01-1405-JP-14790 |

**Najam, Judge.**

## Statement of the Case

[1] Dennis Mink ("Father") appeals the trial court's order awarding physical custody of M.L.A.M ("Child") to Elizabeth Kistner ("Mother"). Father

presents a single issue for our review, namely, whether the trial court abused its discretion when it awarded custody of Child to Mother. We affirm.

## Facts and Procedural History

[2] Mother and Father were in a romantic relationship and lived together beginning in 2008. Mother gave birth to Child, out of wedlock, on August 28, 2010. In 2014, Father filed a petition to establish paternity of Child, custody, and child support. In 2015, Mother and Child moved to Mother's mother's house, but Mother got back together with Father for a short time before ending the relationship permanently in 2017. Mother and Child returned to live with Mother's mother. Following the parties' failed efforts at mediation, the trial court held a final hearing on July 18, 2018. On October 18, the trial court entered an order awarding Mother primary physical custody subject to parenting time for Father, granting legal custody of Child to Mother, and ordering Father to pay child support. This appeal ensued.

## Discussion and Decision

[3] Initially, we note that Mother's appellee's brief does not comply with our Appellate Rules. Mother's brief is merely a recitation of her version of the facts relevant to the trial court's custody determination. It is well settled that we will not consider a party's assertions on appeal when she has failed to present cogent argument supported by authority and references to the record as required by the rules. *See Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). If we were to address such arguments, we would be forced to abdicate our role as an

impartial tribunal and would instead become an advocate for one of the parties. *Id.* This, clearly, we cannot do. *Id.* Accordingly, we proceed as if Mother did not file an appellee's brief.

[4] When an appellee does not file a brief, we do not need to develop an argument for her, and we apply a less stringent standard of review. *In re Guardianship of R.M.M.*, 901 N.E.2d 586, 588 (Ind. Ct. App. 2009). We may reverse the trial court if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it. *Id.* The appellee's failure to submit a brief, however, does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Khaja v. Khan*, 902 N.E.2d 857, 868 (Ind. Ct. App. 2009). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986).

[5] The trial court entered an Amended Final Order, which *sua sponte* included extensive and detailed findings of fact and conclusions thereon. In this situation, "the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial." *Trust No. 6011, Lake Cty. Trust Co. v. Heil's Haven Cond. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012). Our standard of review of initial child custody determinations is well-settled:

> In deference to the trial court's proximity to the issues . . . [w]e do not reweigh the evidence or determine the credibility of

witnesses. Instead, we consider the evidence most favorable to the judgment, with all reasonable inferences drawn in favor of the judgment. Finally, because the trial court was making an initial custody determination, it was required to consider all evidence from the time of Child's birth in determining the custody arrangement that would be in the best interest of Child.

*Hughes v. Rogusta*, 830 N.E.2d 898, 902 (Ind. Ct. App. 2005).

[6] Indiana Code Section 31-14-13-2 (2018) provides that, in a paternity action,

> [t]he court shall determine custody in accordance with the best interests of the child. In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
>
> (2) The wishes of the child's parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parents;
>>
>> (B) the child's siblings; and
>>
>> (C) any other person who may significantly affect the child's best interest.
>
> (5) The child's adjustment to home, school, and community.
>
> (6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent. . . .

[7]    Here, the trial court carefully considered each statutory factor. The court found that Child was eight-years-old and had told the custody evaluator that she wanted "Mother and Father and her to reside [together] in Father's residence." Appellant's App. Vol. 2 at 35. The court noted that "Mother and Father do not reside together[,] so the child's preference cannot occur at this time." *Id.* The court also found as follows:

- the parties are extremely hostile and volatile towards each other[,] which is not in [C]hild's best interest

- [both parties] and [C]hild have positive interactions and interrelationships

- [neither parent was] in a relationship at the time of [the] final hearing

- [Child] is well-adjusted to [both Mother's and Father's] home and community

- Based on the totality of the evidence, it is in the best interests of [C]hild to grant Mother primary physical custody of [C]hild, specifically, Mother has had primary physical custody of [C]hild by the court order since 2016, Mother has had primary physical custody of [C]hild whenever she and Father broke up, [C]hild is well-adjusted and performing well at her current school, [C]hild has friends, and she is a happy child.

Appellant's App. Vol. 2 at 32-36.

[8] Father contends that the trial court abused its discretion when it awarded physical custody of Child to Mother. Father maintains that: it was clear error for the trial court to not consider Child's wishes; the court should have adopted the opinion of the custody evaluator, who recommended that Father have physical custody of Child; the court's finding that Mother has a new job "seem[s] unsupported by the evidence"; and the court "gave little consideration to Mother's patterns of behavior in social relationships." Appellant's Br. at 14-15.

[9] First, the trial court stated, correctly, that because Child was not at least fourteen years of age she was too young "to strongly consider her wishes regarding custody or parenting time." Appellant's App. Vol. 2 at 32. Still, the court acknowledged Child's wish regarding custody, that she and her parents live together in Father's residence, which the court was obliged to reject. *Id.* at 35. Second, the trial court had discretion to reject the custody evaluator's opinion. *See Clark v. Madden*, 725 N.E.2d 100, 109 (Ind. Ct. App. 2000). And, finally, the remainder of Father's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do. Father has not shown that the trial court abused its discretion when it awarded physical custody of Child to Mother.

[10] Affirmed.

Baker, J., and Robb, J., concur.